# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2013

No. 12-60437
Summary Calendar

Lyle W. Cayce
Clerk

OLVIN ALEXIS FUNES-BONILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 511 995

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Olvin Alexis Funes-Bonilla, a native and citizen of Honduras, petitions this court for review of the order of the Board of Immigration Appeals (BIA) that denied his motions to reopen and remand his removal proceedings. Funes-Bonilla maintains that the BIA erred in finding that he failed to establish changed country conditions for homosexuals in Honduras.

An alien, like Funes-Bonilla, may move to reopen his immigration proceedings "[t]o apply or reapply for asylum or withholding of deportation based

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see Panjwani v. Gonzales*, 401 F.3d 626, 631 (5th Cir. 2005). The evidence submitted by Funes-Bonilla in connection with his first motion to reopen, however, did not show a change in conditions for homosexuals in Honduras since the time of his removal proceedings. *See In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). Furthermore, Funes-Bonilla failed to establish that the evidence he submitted in connection with his second motion to reopen was not available when he filed his first motion to reopen. *See Ogbemudia v. I.N.S.*, 988 F.2d 595, 599-600 (5th Cir. 1993); 1003.2(c)(1). Thus, the BIA did not abuse its discretion in denying Funes-Bonilla's motions to reopen and remand. *See Panjwani*, 401 F.3d at 631-33.

Funes-Bonilla also contends that the BIA failed to consider his evidence of changed conditions and failed to explain the reasons for its decision. We will "review the BIA's decision 'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996) (citation omitted). Although the BIA is not required to "address evidentiary minutiae or write any lengthy exegesis, its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." *Id.* (internal citation omitted).

Our review of the record indicates that the BIA noted that (1) even though Funes-Bonilla failed to present an argument regarding changed country conditions in his first motion to reopen, the IJ nevertheless correctly concluded that Funes-Bonilla's evidence failed to establish changed conditions and (2) even though Funes-Bonilla's second motion to reopen and evidence were not properly before it on appeal, his second motion and evidence, especially the State Department's human rights reports, also failed to establish changed conditions.

No. 12-60437

Thus, although the BIA did not discuss all of the evidence of record, we are satisfied that it meaningfully considered Funes-Bonilla's evidence. *See id.*

Finally, by failing to brief his claims for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) or the Convention Against Torture in his initial appellate brief, Funes-Bonilla has abandoned them. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

PETITION DENIED.